■ MBABA SIBY et al., Appellants, v A&Z CAR WASH SALES et al., Defendants, and OTTO RUSCH CONTRACTING CORP., Respondent. (And a Third-Party Action.) [719 NYS2d 566] —Order, Supreme Court, Bronx County (George Friedman, J.), entered on or about October 20, 1999, which, in an action for personal injuries sustained by an employee of a car wash, granted defendant-respondent's motion for summary judgment dismissing the complaint and all cross claims as against it, unanimously affirmed, without costs.

Plaintiff's sleeve and hand got caught in the chain that drove the wash's conveyor system as he attempted to correct an alignment problem with the dolly on which the cars were placed. The motion was properly granted in the absence of evidence that the wiring and electrical system installed by respondent caused the accident. Indeed, plaintiff's deposition testimony established that, although an on/off switch and lockout key were within his reach, he did not deactivate the conveyor system before attempting to correct the problem with the dolly, rendering irrelevant his expert's opinion that the shutdown and restart system did not provide enough time for a worker to correct a jam or enough warning for a worker to extricate himself from the system. The expert's further assertion that

the system should have been designed to automatically stop the conveyor whenever this type of alignment problem occurred is conclusory, and, like his first opinion, simply ignores that plaintiff was working within two feet of the buttons and a key that could have fully deactivated the system and prevented anyone at another location from reactivating it. We would also note the absence of any evidence of industry or regulatory standards to support the contention that the system's warning time was too short. Concur—Nardelli, J. P., Williams, Andrias, Wallach and Lerner, JJ.